## FORTIER ET AL. *vs.* LABRANCHE.

APPEAL FROM THE COURT OF THE FIRST JUDICIAL DISTRICT, JUDGE
BUCHANAN PRESIDING.

A person to whom a slave is adjudicated, cannot avoid the sale and the
payment of the price, on the ground that the slave is affected with the
redhibitory vice of *habitually running away*, without *administering
proof* that this vice existed at or before the sale. The fact of the slave's
absenting himself within three days after the sale, and being brought
back the next day, is not sufficient, when he is shown to be, in all other
respects, of good character.

An agreement by the heirs to rescind a probate sale of a slave, is invalid if

not made in writing, and where some of the heirs are minors, it cannot be legally made in any form.

This is an action instituted by the heirs and legal representatives of the late Amie Labarre, deceased, against the defendant, to compel him to comply with the terms of the probate sale of a slave which was adjudicated to him at the price of one thousand and fifty dollars, by paying one half in cash and the other half by giving his promissory note.

The defendant pleaded the redhibitory vice of an habitual runaway, with which he avowed the slave was affected at the time of the sale, etc. He, also, relied on an agreement made with the plaintiffs to rescind the sale.

The facts of the case are fully stated in the opinion of the court, which follows.

There was judgment for the plaintiff, and the defendant appealed. ·

*Labarre*, for the plaintiffs.

*Augustin, contra.*

*Rost, J.*, delivered the opinion of the court.

The plaintiffs seek to recover from the defendant the price of a slave adjudicated to him, at a probate sale of the succession of a person whose legal representatives they are. The defendant admits the capacity of the plaintiffs to sue, and, also, that the slave was adjudicated to him, as they allege, but avers that he is not bound to pay the price, because at the time of and before the sale, the slave was affected with the redhibitory vice of habitually running away, and that said vice was not declared at the sale. The District Court gave judgment in favor of the plaintiffs, and the defendant appealed.

Two witnesses, whose testimony is uncontradicted, testify that for several years, and up to the time of the sale, they had known the slave adjudicated to the defendant, and that he was of unexceptionable character; one witness, only, testifies that he absented himself within the three days that

followed the sale, and was brought back the next day. The same witness says, that he was under the impression that the slave had not run away, but that the persons who caught him insisted that he had. We know not who those persons were, and their assertions to the witness, can have no weight with us ; the fact is not proved, and without it, the defendant cannot maintain his exception.

The agreement of the plaintiffs to rescind the sale, if made at all, was not made in writing, and taking into consideration that some of the plaintiffs are minors, it could not have been legally made in any form.

An agreement by the heirs to rescind a probate sale of a slave, is invalid if not made in writing, and when some of the heirs are minors, it cannot be legally made in any form.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be affirmed, with costs.